IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**UNITED STATES OF AMERICA**            **PLAINTIFF**

**v.**        Case No. 6:14-cr-60033-004

**WILLIAM JACOB PARKER**            **DEFENDANT**

**O R D E R**

    **BEFORE** the Court is the Supplemental Motion for Compassionate Release filed herein by Defendant **WILLIAM JABOB PARKER**. ECF NO. 150.[1] The Motion was referred to the undersigned for Decision. ECF No. 151. The Government has Responded. ECF No. 153. A hearing was held on May 20, 2020, to consider the Motion. ECF No. 155. After considering the Motion, Response, argument of counsel, and the recommendation of the United States Probation Office (USPO) the Court finds as follows:

    Defendant has been in custody since February 3, 2020. He suffers from substance abuse such that all of the allegations against him in the Petition (ECF No. 128) and Supplemental Petition (ECF No. 137) arise from his abuse of methamphetamine. Based on the information provided by the USPO and counsel for Defendant, the Court finds that Defendant can be released pursuant to 18 U.S.C. § 3143(a)(1). Specifically, the Court finds there are conditions of release which can be imposed that will assure Defendant is neither a danger to the Community or a risk of non-appearance. The Government does not oppose Defendant's release on the conditions set out below. Accordingly, Defendant's Supplemental Motion for Compassionate Release (ECF No. 150) is **GRANTED**. The Court **ORDERS** Defendant be released on the following conditions:

---

[1] The Court construes this Motion as a Motion for Release pursuant to FED.R.CRIM.P, 32.1(a)(6).

1. Defendant shall continue to abide by each of the conditions of his Supervised Release unless such condition is specifically modified in this Order.

2. Defendant shall be released from the custody of the United States Marshal upon a bed becoming available for him at the Harbor House, Inc, an inpatient residential substance abuse treatment facility in Ft. Smith, Arkansas. The USPO will notify the United States Marshal of the date such opening shall occur.

3. Defendant, upon his release, is responsible for transportation to the Harbor House, Inc. He shall proceed directly from incarceration to check in at the Harbor House, Inc.

4. Upon successful completion of the Harbor House, Inc. program, the Court will schedule an immediate hearing to consider whether continued pre-hearing release is appropriate and, if so, any further modification of the conditions of pre-hearing release.

5. Upon his successful completion or upon being dismissed from Harbor House, Inc., for any reason, the Defendant shall immediately notify his supervising United States Probation Officer.

Defendant is warned that any future violation of the conditions of his Supervised Release or the additional conditions above shall result in a warrant being issued for his arrest. Defendant, in such instance, would not be released again prior to his final revocation hearing.

**SIGNED** this **21st day of May 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE